JAMES McDONNELL, RESPONDENT, v. THE MAYOR, ETC., OF THE CITY OF NEW YORK, APPELLANT.

*Chapter* 613 *of* 1873, *chapters* 122 *and* 308 *of* 1874 — *when claims under, must be presented for audit* — *Westchester county* — *towns of, annexed to New York city.*

Under the provisions of the acts providing for the annexation of a portion of Westchester county to the city of New York, one who has a valid demand, duly certified, against a town therein, for the erection of a school-house, cannot maintain an action against the city thereon, until it has been audited by the board of education of the city of New York.

APPEAL from a judgment in favor of plaintiff, entered on the verdict of a jury.

*D. J. Dean,* for the appellant.

*W. C. Reddy,* for the respondent.

DAVIS, P. J.:

The claim upon which the recovery was had in this action has never been audited by the board of education of the city of New York. The obligation upon the comptroller as the financial officer of the city to pay the claim, is dependent upon the fact that the board of education of the city has audited and allowed the claim. The legislature, in transferring the indebtedness of the annexed towns to the city of New York, had .the right to establish that safe-guard against fraudulent and exorbitant claims, and to impose it as a condition precedent to the obligation to pay. The question on the trial, was not who was bound to present the claim for audit by the board or who must procure the auditing to be done. The question was, has it been done on any one's presentation or procurement. If the plaintiff was not able to show that the audit had taken place, he failed to show that his right of action was ripe. If it were, as suggested, the duty of the comptroller to have the account audited, that officer if he unjustly refused to perform the duty should have been set in motion by mandamus. If it was the duty of the board of education to audit without presentation by any one, the same remedy would set that body in motion. If the duty rested upon the plaintiff he should have taken the necessary steps. It is not enough to show that the claim is a just one; nor that it received the approval of the local officers of the town by which the debt was created ; because, however essential those things may be, they do not alone answer the requirement of the statute which imposes the debt on the city. The case is analogous to those in which the certificate of a public officer or of some designated person is requisite by statute or by contract before payments can be claimed. In such cases it is settled by many authorities that the certificate must be produced ; or that it was fraudulently and unjustly withheld or refused after proper application.

It follows that the absence of all evidence that the claim had been audited by the board, or that the condition required by the statute had become impossible of performance, or such other excuse as the law will accept in place of such performance, the plaintiff failed to show that the liability of the defendants to pay the

indebtedness had become a legal obligation which can be enforced by suit.

The plaintiff was not, therefore, upon the evidence given by him, entitled to recover, and the judgment must be reversed and a new trial ordered, with costs to abide the event.

Daniels, J., concurred.

Brady, J. (dissenting):

The plaintiff made and completed a contract to erect a school building in West Farms, Westchester county. It was made with the proper officers, and the claim therefor remaining unpaid was duly certified, so that it became a valid demand against the town. Under the provisions of the act of the legislature annexing certain parts of Westchester county to this city, all the debts and obligations of the several boards of education in either of the towns annexed, of which West Farms was one, were charged upon and declared to be the debts and obligations of the mayor, aldermen and commonalty of the city of New York. (Laws of 1873, chap. 613, § 8; Laws of 1874, chap. 122, § 2; id., chap. 308, § 1.) The only defense offered on the part of the defendants, upon the trial, was, that the plaintiff's claim had not been audited by the board of education of the city of New York, and that there was no appropriation for the purpose of paying it. The former purpose is based upon a provision in section 8 (*supra*), which declares that the board of education of the city of New York shall audit and examine, and the comptroller shall pay, all the obligations of the several boards of education existing in the towns annexed, and which have thus been audited and examined, and which shall have been legally incurred prior to the 1st of January, 1874. It will be perceived, that it is not by the terms of the statute made the duty of the creditor to present his claim for audit. It is made the duty of the board of education to audit and examine, and that of the comptroller then to pay. If this were a proceeding by mandamus, to compel the board of audit or the comptroller to pay, and it could be entertained because the plaintiff had no remedy by action, the objection made would be fatal. The comptroller is to pay on the audit and examination of the board of education, but the city is to pay the debt

whether the audit thus contemplated is made or not. It is charged upon the city. The claim herein was presented to him as required by law, and the opportunity was therefore given him to have the audit and examination, if he required it, either for his own protection against a mandamus, or that of the city, if the audit revealed fraud or illegality in the claim made, and which might be interposed as a defense thereto. The plaintiff was not obliged by the act, as suggested, to have the audit made to give him a right of action. This claim was a legal, subsisting one when the act of 1874 (chap. 329, § 8), was passed. It became a debt of the city, and one therefore which the city is bound to pay. The consideration of the obligation was the land annexed, with its appurtenances. The school-house erected by the plaintiff passed with it. The courts have not favored the retrospective operation of statutes so as to take away a vested right. (*Dash* v. *Van Kleeck*, 7 Johns., 477 ; 4 Burr., 2560 ; 2 Shower, 17 ; 2 Mod., 310 ; 1 Vent., 330 ; *Ganson* v. *City of Buffalo*, 1 Keyes, 454.) And there is nothing in this case which would warrant a departure from that rule. The plaintiff's claim was due and unquestioned by the original obligors who made the contract and received the benefit of the plaintiff's labor and materials. The statute took the consideration of his demand, and transferred it to the city, but at the same time imposed upon the city the duty of paying any debt relating to it legally due. The cases upon which the defendant relies to sustain the point considered, are adjudications on proceedings for a mandamus, and we concede therein their full force, but say they have no application to this controversy. The absence of proof of no appropriation was not urged on the argument, and is not stated on the points submitted. It is regarded as abandoned therefore, but if to be considered, is overruled as untenable so far as the right of the plaintiff to a judgment is concerned.

I think the judgment should be affirmed.

Judgment reversed and new trial ordered, costs to abide event.